Gilbert **DELGADO**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

**Misc. No. 1057.**

United States Court of Appeals Ninth Circuit.

Aug. 23, 1960.

Gilbert Delgado, McNeil Island, Wash., in pro. per.

No appearance for respondent.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

Petitioner, Gilbert Delgado, after making two prior applications under Section 2255, Title 28 U.S.C., which applications were denied by the District Court of the Southern District of California, filed a third petition upon a different ground in that Court under Section 2255, entitled Motion to Vacate and Set Aside the Illegal Sentence. In this motion petitioner alleged as follows:

"Your petitioner was mentally incompetent at the time of the trial, having no mental capacity to understand proceeding, and to rationally advise with his counsel as to his defense."

No detailed specifications of fact are made in this petition and no probative facts are alleged in support of the above general conclusionary allegations. The District Court denied the application without a hearing, and recited in a five-page order the prior proceedings in petitioner's case before the District Court. The order recited among other things that petitioner had appeared before the Court on six separate occasions prior to his trial before the District Court sitting without a jury. It recited further that petitioner had been represented in his appearance before the Court by counsel of his own choosing. It recited that after a two-day trial before the District Court, where petitioner was represented by counsel, the petitioner was found guilty of the charges contained in three counts of the indictment, and that the case was referred to the probation officer for investigation and report. It recited further that motion for a new trial had been made by counsel and had been denied by the Court, and that thereafter the Court had sentenced the petitioner to ten years imprisonment upon each of the three counts of the indictment, said sentences to run concurrently. It recited thereafter that the petitioner had written a letter to the Court requesting a reduction or modification of sentence, and that thereafter petitioner had filed a motion entitled "Motion to Correct the Void and Illegal Sentence;" and had later filed a document entitled "Petition for Leave to Amend Petition to Reconsider for a Hearing in Conformity with Section 2255 U.S.C.;" and that petitioner had on March 14, 1960, filed the present motion before the Court. The order recited further that at no time from the date of the arraignment of petitioner until the filing of the present motion did petitioner raise any issue of his mental incapacity; that at no time in his many appearances before the Court did he appear incompetent; that at no time did his counsel ever raise the question of the petitioner's mental incapacity; and that at no time in his interviews with the probation officer was there raised by petitioner or his counsel any question of his mental incapacity. The order further recited that the record showed that when the petitioner was received at McNeil Island, Washington, he was given the usual examination and the report shows "there is no evidence of mental disease at this time." The order further recited that in the opinion of the Court the petition of petitioner filed March 14, 1960, "is without merit."

In view of the generality of petitioner's allegations before the District Court,

the conclusionary nature thereof, and the lack of any detailed allegations of facts, and in view of the files and records of the case before the District Court, the order of the District Court that petitioner's application was "without merit" was proper, and the appeal of petitioner from the denial of his motion by the District Court is plainly frivolous.

Petitioner's application to this Court for appointment of counsel to prosecute his appeal and for leave to appeal in forma pauperis is denied.